IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER MOORE,

    Plaintiff,

vs.                                    Case Number 4:05cv473-WS/WCS

PETE BUCHER, and
DAVID BALLENGER,

    Defendants.

                                        /

## REPORT AND RECOMMENDATION

Plaintiff Christopher Moore has filed an amended complaint, doc. 16, and a response, doc. 15, to a prior court order, doc. 13. Plaintiff intended to clarify the number of cases he has filed in the federal courts, yet Plaintiff still does not have an accurate listing of his cases. *See* docs. 15, 16. This error does not appear intentional, and Plaintiff is advised that the case he filed in Middle District was case 3:00cv495-HES. It is that case which was transferred to this District and because case 4:00cv179-WS. Otherwise, Plaintiff appears to have accurately disclosed his civil cases although he still does not identify his habeas corpus petitions as requested on the civil rights complaint form. Doc. 16, p. 6.

Plaintiff's allegations in the amended complaint doc. 16, have been reviewed as is required by 28 U.S.C. § 1915A.  Plaintiff names two Defendants in this case, the Sheriff of Madison County, Florida, Defendant Pete Bucher, and Defendant David Ballenger, a Maintenance Corrections Officer.  Doc. 16, pp. 1-2.  Plaintiff contends that he suffers from chronic asthma and while housed at the jail, he and other inmates were subjected to smoke and fumes from construction and renovation work at the jail.  Doc. 16.  Plaintiff alleges that this work continued for approximately ten days, and from 10 to 12 hours per day.  *Id.*  Plaintiff asserts that he experienced "severe physical pain and severe discomfort, and had to initiate medical treatment . . . ."  *Id.*  Plaintiff asserts he was prescribed antibiotics and Ibuprofen "for the side effects from the hazzardous [sic] chemical associated with the fumes, gases and smoke."  *Id.*  Plaintiff complains he had "lung and breathing problems and eye damage" and that Defendants knew of the conditions being caused by the maintenance and construction, "but acted with deliberate indifference to the Plaintiff's health, safety and constitutional rights not to be subjected to cruel and unusual punishment, contrary to the Eighth Amendment of the United States Constitution."  *Id.*

Plaintiff also contends when he tried to discuss the matter with Defendant Ballenger, he deliberately disregarded Plaintiff's complaints and verbally assaulted Plaintiff.  *Id.*  Plaintiff complains that Defendant Ballenger became aggressive to Plaintiff when he was trying to talk to him, and displayed his fist at Plaintiff as though he would punch him, and told Plaintiff to get going to wherever he was going.  *Id.*  Plaintiff seeks monetary damages for cruel and unusual punishment.  *Id.*

To recover monetary damages for a § 1983 action, a prisoner must show physical injury as is required by 42 U.S.C. § 1997e(e).  However, Plaintiff's only allegations of physical injury amount to claims that he has asthma, suffered pain, and had to be treated with medication such as antibiotics and Ibuprofen.  Plaintiff does not provide any allegations showing he actually suffered an asthma attack and merely having asthma as a condition is insufficient.  Plaintiff provides a conclusory allegation of generic pain and respiratory difficulties, but these also were treated by medical staff.  Plaintiff does not allege he suffered any serious respiratory problems.  Plaintiff's assertions of the physical injury he suffered are minimal and insufficient under § 1997e(a) for monetary damages.

Any other request for relief is moot because Plaintiff is no longer housed in the jail.  See Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985); Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1987).  It is widely accepted that a transfer from one prison to another will render injunctive and declaratory relief moot.  McKinnon v. Talladega County, Ala., 745 F.2d 1360 (11th Cir. 1984).  No relief can be provided Plaintiff on this complaint.

Moreover, the conditions of prison life and the treatment of prisoners is governed by the Eighth Amendment, which prohibits cruel and unusual punishment.  Farrow v. West, 320 F.3d 1235, 1242-43 (11th Cir. 2003), *citing* Helling v. McKinney, 509 U.S. 25, 31, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993).  The Constitution does not require "comfortable prisons" with all the amenities, but it does require that prisons not be "inhumane."  Farrow, 320 F.3d at 1242, *citing* Farmer v. Brennan, 511 U.S. 825, 832,

114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994). In general, "prison conditions rise to the level of an Eighth Amendment violation only when they 'involve the wanton and unnecessary infliction of pain.' " Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004), *quoting* Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981); *see also* Estelle v. Gamble, 429 U.S. 97, 102, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976). "Conduct which does not purport to be punishment, however, violates the eighth amendment only when it involves more than ordinary lack of due care for a prisoner's interests or safety." Evans v. Dugger, 908 F.2d 801, 803 (11th Cir. 1990).

A two-part analysis is used to consider Eighth Amendment claim concerning the conditions of one's confinement. Chandler, 379 F.3d at 1289. The first consideration is an "objective component," where the prisoner "must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992), *cited in* Chandler, 379 F.3d at 1289. The challenged condition must be "extreme." Hudson, 503 U.S. at 9, 112 S.Ct. at 1000. An inmate must show that the challenged condition of confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety. Helling, 509 U.S. at 35, 113 S.Ct. at 2481. Analysis here "requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." Helling, 509 U.S. at 36, 113 S.Ct. at 2482, *quoted in* Chandler, 379 F.3d at 1289. "In other words, the prisoner must show that the risk of which he complains is not one that

today's society chooses to tolerate." Helling, 509 U.S. at 36, 113 S.Ct. at 2482, *quoted in* Chandler, 379 F.3d at 1289.

The subjective factor is a form of "deliberate indifference." Helling, 509 U.S. at 36, 113 S.Ct. at 2482. A prisoner must show that the defendant prison official "acted with a sufficiently culpable state of mind" regarding the condition at issue. Hudson, 503 U.S. at 8, 112 S.Ct. at 999 (marks and citation omitted); Chandler, 379 F.3d at 1289.

Plaintiff's facts in the initial complaint, doc. 8, do not indicate a "serious" or "extreme" condition of confinement, nor has Plaintiff demonstrated any physical suffering beyond irritation. In this situation, Plaintiff's claim fails on the first element. Being around construction or repair of a building for a brief period of time is not such an extreme condition that amounts to inhumane treatment. Plaintiff alleges being around these conditions for ten days, for 10 to 12 hours per day. Yet, that is a limited and brief period of time. Accepting Plaintiff's allegations that he was exposed to fumes, smoke, and gas during that period of time, those conditions are not so extreme that society would consider it a risk to be in that atmosphere for the limited amount of time Plaintiff was subjected to those conditions. Indeed, being around construction areas is not "so grave that it violates contemporary standards to decency to expose" Plaintiff to those conditions. Plaintiff's complaint fails to state a claim upon which relief may be granted as to these conditions of confinement.

Moreover, as for the claim against Defendant Ballenger, it is a long established principle that "[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." Collins v. Cundy, 603 F.2d 825, 827 (10th

Cir.1979)(holding that the sheriff's laughing at inmate and threatening to hang him did not violate the Constitution); *accord*, Oltarzewski v. Ruggiero, 830 F.2d 136, 139-40 (9th Cir. 1987); Martin v. Sargent, 780 F.2d 1334, 1339 (8th Cir. 1985)(holding that "[v]erbal threats do not constitute a constitutional violation."); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir.), *cert. denied*, 464 U.S. 998 (1983), *cited in* Shiflet v. Cornell, 933 F. Supp. 1549, 1556 (M.D. Fla. 1996) (finding that "verbal harassment . . . is not cognizable under § 1983."); *see also* Stacey v. Ford, 554 F. Supp. 8, 9 (N.D. Ga., 1982). Defendant Ballenger did not actually hit or strike Plaintiff, and raising one's fist in a gesture to hit an inmate certainly appears inappropriate and unnecessary, but it is not a constitutional violation.  This claim also fails to state a claim upon which relief may be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 16, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on April 14, 2006.


    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**